**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY SIMPSON, JR.,<br><br>      Plaintiff,<br><br>v.<br><br>INTERSCOPE GIFFEN A&M RECORDS, a division of UMG RECORDINGS, INC., et al.,<br><br>      Defendant. | 1: 09 - CV - 1931 AWI SKO<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT |

      On March 31, 2010, the court dismissed Plaintiff's complaint with leave to amend. Plaintiff was ordered to file any amended complaint within thirty days. Plaintiff did not file an amended complaint.

      A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Accordingly, Plaintiff is ORDERED to file an amended complaint not later than thirty (30) days from the date of service of this order and show cause why this action should not be dismissed for Plaintiff's failure to comply with the court's March 31, 2010 order.   Plaintiff is FOREWARNED that failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:     December 3, 2010

CHIEF UNITED STATES DISTRICT JUDGE

2