IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SIMPSON, JR., )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>INTERSCOPE GIFFEN A&M )<br>RECORDS, a division of UMG )<br>RECORDINGS, INC. et al., )<br>  Defendants. )<br>_____ ) | CV 09 – 1931 AWI DLB<br><br>MEMORANDUM OPINION<br>AND ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS WITH PREJUDICE<br>AND RELATED ORDERS<br><br>Doc. # 38 |

      This is an action by plaintiff Jerry Simpson, Jr. ("Plaintiff"), a *pro se* litigant, against defendant Interscope Giffen A&M Records (erroneously sued as "Innerscope A&M Giffen Records") ("Defendant") and a recording artist named "Fergie" (collectively "Defendants"). Plaintiff's original complaint, which was filed September 10, 2009, was dismissed with leave to amend pursuant to Rule 8(b) of the Federal Rules of Civil Procedure by the court's order filed on March 31, 2010 (hereinafter, the "March 31 Order"). Plaintiff's First Amended Complaint ("FAC") was filed on December 28, 2010. The court's March 31 Order dismissed Plaintiff's original complaint with leave to amend but cautioned Plaintiff that any amended pleading that fails "to allege both the conduct that damaged Plaintiff and the legal basis for liability [. . .] will be dismissed with prejudice." Doc. # 25 at 5:15-17. On January 18, 2011, Defendants filed the instant motion to dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement. For the reasons that follow, the

court will conclude Plaintiff's FAC fails both to conform to the requirements set out in the court's March 31 Order, and fails to state a claim for which relief can be granted. The court will accordingly dismiss Plaintiff's FAC with prejudice.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

As the court noted in its March 31 Order, Plaintiff's original complaint failed to clearly articulate a legal theory for relief or set forth facts that would support any obvious theory of relief. The complaint was dismissed pursuant to Rule 8(b) with leave to amend. The court found the original complaint largely unintelligible and expressed its concern that there was no apparent factual or legal basis for relief. Following the March 31 Order, Plaintiff filed a number of pleadings including a motion for reconsideration, a motion for summary judgment and a motion for writ of possession. These motions were collectively denied by the court's order of January 13, 2011. Defendants filed the instant motion to dismiss, or in the alternative, for a more definite statement on January 18, 2011. Plaintiff's opposition was filed on January 31, 2011. Defendant's reply was filed on February 18, 2011. Since the filing of Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff has filed other documents whose purpose is not completely apparent but which touch upon Plaintiff's contentions as set forth in the FAC. See Doc. #'s 40 ("Opposition of Plaintiff to Defendants' Counsel"), 41 ("Letter"), 44 ("Letter"), and 47 ("Motion for Verdict"). Most recently Plaintiff filed a document titled "Motion for Verdict" at Doc. # 47. The court has reviewed these submissions and finds that they have no substantial bearing on the issues currently before the court.

Plaintiff's factual allegations and legal assertions, such as they can be discerned by the court, will be discussed below.

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of the complaint is to provide the opposing party with fair notice of the claim against it. Lynn v. Sheet

2

Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986).  The Federal Rules have rejected the approach that pleading is a game in which one misstep by a party may be decisive to the outcome, and the Federal Rules require the court to construe pleadings liberally.  Id.  Although the Federal Rules have adopted this flexible pleading policy, a complaint must still give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 8.13 at 8-111 (2d ed. 1983)).  The plaintiff must allege, with at least some degree of particularity, overt acts which the defendants engaged in that support the plaintiff's claim.  Id.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

3

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Plaintiff's FAC is a 58-page assemblage of what appears to be mostly past communications to and from the court, along with some drawings of the product in question and some correspondence with a firm called Lambert & Lambert that is evidently in the business of providing consultation to inventors.  The first three pages of the FAC consist of a pre-printed fill-out-the-blanks form that is intended for use by prisoners who wish to file a civil rights complaint pursuant to 28 U.S.C. § 2255.  There is also a two-page attachment that is addressed to Magistrate Judge Sheila Oberto, apparently based on the mistaken impression that the action has been submitted to magistrate jurisdiction.  Although Plaintiff's FAC is clearly improper as to form, the court will, to the best of its ability, look past formal pleading deficiencies to determine if there is actual substance to Plaintiff's alleged facts and whether there is a discernable legal theory being asserted.

 While Plaintiff's factual assertions are far from clear, there is a narrative that emerges from the scatter of documents that comprise Plaintiff's FAC.  It appears that sometime around 2002, Plaintiff conceived a device called an "Arch Edge Were Wing Extension Free Weight Butterfly Press" (hereinafter, the "Butterfly Press" or "Invention").  On or about February 2006 Plaintiff sent drawings (and perhaps other descriptive material) to Lambert & Lambert, a company that apparently provides, among other things, feasibility assessment and other consultation services to would-be inventors.  Drawings submitted to Lambert & Lambert and a portion of the evaluative report issued by that company are attached to the FAC at pages 30 through 38.  Based on the drawings and correspondence to and from Lambert & Lambert included in the FAC, the court concludes Plaintiff's Invention was a species of sliding-weight-on-guide-rack type of

4

exercise device intended for home and/or gym use.  One component of Plaintiff's invention is something called a "center cut weight" which appears to be essentially a weight which is to be mounted on a bar with the area between the center and the radius of the weight cut out in a pattern suggesting spokes or a freeform design.

The focus of Plaintiff's FAC is a 2006 music video by produced by Defendants featuring singer Stacy Ann Ferguson (whose stage name is "Fergie") and the group "Black Eyed Peas." The music video was entitled "Fergalicious."  The court, in an effort to understand what this case is about, watched the video on Youtube.  About one-third of the way through the video, there is a brief scene of Fergie in a gym exercising with, among other things, a single hand free weight with a small outer weight on it (about three inches in diameter) that has a central chrome disk cut out in a spoke design that is suggestive of a miniature version of a car hubcap of the sort that keeps spinning after the car has stopped.  The total time the offending object is visible in the video amounts to about two or three seconds.  It is apparently Plaintiff's contention that the "miniature spinning hubcap" object that was briefly visible in the "Fergalicious" video "looks to be Plaintiff's printly [sic] published invention the (center cut weight) which had not been released – because the product was still under construction." Doc. # 31 at 11.

The materials submitted by Plaintiff in connection with his FAC, together with the court's viewing of the video,  are now sufficient to inform the court of at least the gist of Plaintiff's action. It is Plaintiff's apparent belief that he is entitled to compensation from Defendants because something that has the general physical appearance of a component of an assembly Plaintiff had designed was used as a prop in a music video.  Based on the entirety of Plaintiff's submissions, the court can now conclude that Plaintiff has failed, and in fact cannot succeed, in stating a claim for which relief can be granted.  There are a number of reasons that Plaintiff cannot state a claim against Defendants, but they all boil down to a single proposition – Plaintiff has not established any exclusive right to his Invention or any portion thereof.

Generally, it is unlawful under the Sherman Act for any person to claim an exclusive right

5

to a process or product except and unless the person seeking to exclude others, or to charge others for the use of the product, holds a valid patent on that process or product. United States v. Line Material Co., 333 U.S. 287, 308-309 (1948). "During its term, a valid patent excludes all except its owner from the use of the protected process or product. [. . . .] This monopoly may be enjoyed exclusively by the patentee or he may assign the patent 'or any interest therein' to others." Id. (internal citation omitted). Even if the court were to assume that the object that appeared in the "Fergalicious" video was Plaintiff's "Center Cut Weight," an assumption the court is not willing to make, Plaintiff's claim would nevertheless fail. What Plaintiff is trying to do in this action is prevent Defendant from using his Invention, or its component, the "Center Cut Weight" or to claim from Defendants some fee for its use. Plaintiff has no right to limit how anyone, including Defendants, use Plaintiff's Invention unless Plaintiff holds a valid patent as to that Invention. Plaintiff has not alleged that he ever applied for or was granted a patent for his invention.

Plaintiff's claim or claims appear to be predicated on the fact that Plaintiff's Invention was "privately published" as a result of the materials Plaintiff sent to Lambert & Lambert and/or as a result of the analysis Lambert & Lambert sent to Plaintiff. "No person has a vested right to a patent [. . .], but is privileged to seek the protected monopoly only upon compliance with the conditions which Congress has imposed." Boyden v. Comm'r of Patents, 411 F.2d 1041, 1043 (D.C. Cir. 1970). Thus, Plaintiff is not entitled to any protection under patent law unless he files an application for a patent in conformity with the requirements set forth at 35 U.S.C. § 111. Plaintiff's contentions with regard to "private publication" are irrelevant to his status as a patentee for two reasons. First, patents are issued by the United States Patent and Trademark Office only. The fact Plaintiff sent materials describing his Invention to a private party does not entitle Plaintiff to a patent or to any patent-like protections. Second, to the extent a "publication" other than a publication constituting a patent application is relevant for any purpose under patent law, a private communication, such as the exchange between Plaintiff and Lambert & Lambert does not qualify as "publication." Generally for something printed to be a publication it must be accessible to the

public.  See e.g. Bruckelmyer v. Ground Heaters, Inc., 445 F.3d 1374, 1378 (Fed. Cir. 2006) (whether a reference is a "printed publication" depends upon whether it was "publically accessible" for purposes of subsection 102).  Plaintiff's pleadings make it clear that the exchange that occurred between himself and Lambert & Lambert was private and not accessible to the public. Further, the prior publication of an idea or design does not grant any protection, it merely prevents others from patenting it under some circumstances.  See id. (purpose of "printed publication" provision in subsection 102 is to prevent patenting by an inventor that which was already in possession of the public).

      It is apparent that someone, no doubt someone other than Defendants, manufactured an object that appears to be something like the "Center Cut Weight" of Plaintiff's design.  Because Plaintiff holds no patent on his Invention or on any of its components, there is no right or claim that he can assert against anyone else for unlawfully manufacturing or using of the "Center Cut Weight."  Because Plaintiff does not possess a right or claim on the object that appeared in the "Fergalicious" video, he has no basis to claim any fees or royalties from anyone, except and unless he has entered into a valid contract with Defendants for payment of fees for the use of the object.  Given that no contract is alleged, there can be no contract claim.  Because Plaintiff does not own a right to restrict or charge others for using the "Center Cut Weight" Plaintiff cannot sustain a claim for conversion or any other possessory tort.  Because there is no basis upon which Plaintiff could claim that Defendants had any duty to Plaintiff, there can be no claim of negligence.  In short, there is no conceivable basis for any sort of claim by Plaintiff against Defendants.

      Defendants' motion to dismiss Plaintiff's action with prejudice will therefore be granted.

      THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendants motion to dismiss Plaintiff's First Amended Complaint is hereby GRANTED.  Plaintiff's First Amended Complaint is hereby DISMISSED with prejudice in its entirety as to all Defendants.

Plaintiff's "Motion for Verdict" is dismissed as moot. Any other pleadings filed by Plaintiff that were intended by Plaintiff as motions but that the court may have mistakenly identified as pleadings other than motions are hereby DENIED as moot. The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

Dated:   May 26, 2011

CHIEF UNITED STATES DISTRICT JUDGE