# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SIMPSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> INTERSCOPE GEFFEN A&M RECORDS, a division of UMG RECORDINGS, INC., <br><br> Defendant. <br> _____ / | CASE NO. 1:09-cv-01931-AWI-SKO <br><br> **ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE AN APPEAL** <br><br> (Docket No. 50) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR TRANSCRIPTS** <br><br> (Docket No. 58) |

## I. INTRODUCTION

On November 14, 2011, Plaintiff Jerry Simpson, Jr. ("Plaintiff") filed a request for extension of time to file an appeal. (Doc. 50.) On November 23, 2011, Plaintiff filed a motion for order for transcripts. (Doc. 58.) For the reasons set forth below, Plaintiff's motions are DENIED.

## II. DISCUSSION

On May 26, 2011, the Court granted the motion to dismiss by Defendant Interscope Geffen A&M Records (erroneously sued as "Innerscop A and M Giffen Records, Inc.") ("Defendant") and dismissed Plaintiff's claim with prejudice. (Doc. 48.) Judgment was entered pursuant to the order (Doc. 49) and on May 26, 2011, Plaintiff was served by mail with the order and judgment.

**A.    Plaintiff's Request for Extension of Time to File An Appeal**

On November 14, 2011, Plaintiff filed a motion for extension of time to file an appeal and a notice of appeal. (Docs. 50, 51.) On November 15, 2011, Defendant filed an opposition to the request for extension of time. (Doc. 54.)

Federal Rules of Appellate Procedure 4(a)(1) provides that a notice of appeal in a civil case "must be filed with the district court within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). As 30 days after the entry of judgment fell on Saturday, June 25, 2011, Plaintiff was required to file a notice of appeal by Monday, June 27, 2011. Plaintiff's notice of appeal, filed on November 14, 2011, was filed 172 days after the entry of judgment and thus not timely. (Docs. 51.)

Federal Rules of Appellate Procedure 4(a)(5) provides that the district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(i)-(ii).

Here, Plaintiff filed his request for an extension of time on November 14, 2011. (Doc. 50.) His request was not made within 30 days from June 27, 2011, the time prescribed under Rule 4(a). Further, his request does not indicate excusable neglect or good cause for the delay. While his boilerplate request form states that there was "a significant time delay of mail delivery," Plaintiff contradicts this statement by indicating that he received the Court's notification of final judgment dated May 26, 2011. Plaintiff fails to indicate any actual delay in receiving the notification or any reason why his request for an extension of time was untimely filed. (Doc. 50, p. 2.) Accordingly, Plaintiff failed to comply with the requirements of Rule 4(a)(5).

Additionally, Federal Rule of Appellate Procedure 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, Plaintiff's request for an extension of time provides no time frame for when he received notification of the judgment and merely indicates that he received the Court's final judgment dated May 26, 2011. As such, the Court cannot find that Plaintiff failed to receive notice of the entry of judgment within 21 days after entry. Further, although Plaintiff's request was made 172 days after the entry of judgment and thus within the 180 day time limit, due to Plaintiff failure to provide information as to the date he received the judgment, it is not clear if Plaintiff's request was made with 14 days from the date he received notice. As such, Plaintiff fails to satisfy the conditions of Rule 4(a)(6).

Accordingly, Plaintiff's request for an extension of time to file an appeal is DENIED.

**A.    Plaintiff's Motion for an Order for Transcripts**

On November 23, 2011, Plaintiff filed a motion requesting transcripts for his appeal. (Doc. 58.) Plaintiff indicated that he "is indigent and is unable to pay the Court's Clerk's fee." (Doc. 58, 1:19.)

Ninth Circuit Rule 30-1.2 provides in pertinent part that "[a]ppellants and appellees proceeding without counsel need not file the initial excerpts, supplemental excerpts or further excerpts of record." 9th Cir. R. 30-1.2. As Plaintiff is representing himself in *propria persona*, Plaintiff is not required to submit transcripts for his appeal.

Plaintiff's motion for an order for transcripts is thus DENIED.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's request for an extension of time to file an appeal is DENIED; and

2.    Plaintiff's motion for an order for transcripts is DENIED.

IT IS SO ORDERED.

Dated:    December 2, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE